UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| In re | Case No. 1-18-46423-ess |
| --- | --- |
| Rashid Isacove | Chapter 7 |
| Debtor | |
| David J. Doyaga, As Trustee of The Estate of Rashid Isacove | Adversary Action Number: |
| Plaintiff, | 1-19-01117-ess |
| - against - | |
| Rashid Isacove | |
| Defendant | |

**AMENDED COMPLAINT OBJECTING TO DISCHARGE**

David J. Doyaga, the Chapter 7 Trustee assigned to the above captioned Chapter 7 Case (hereinafter, referred to as "Plaintiff"), by David J. Doyaga, Attorneys at Law acting as counsel, for his complaint against the defendant, Rashid Isacove (the "Defendant" and/or the "Debtor"), alleges as follows:

1. This is an adversary proceeding brought pursuant to Sections 727(a)(2)(A), 727(a)(2)(B) and 727(a)(5) of the United States Bankruptcy Code Title 11, United States Code ("the Bankruptcy Code").

2. This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. Section 1334 and 157(b) (2)(J). **This is a core proceeding.**

3. The Defendant is a Debtor who filed a Chapter 7 Bankruptcy Petition on November 2, 2018. This case is still pending. The Chapter 7 Case No. is 1-18-46423-ess

4. The Plaintiff is the Chapter 7 Trustee assigned to this Case.

5. The first meeting of creditors was scheduled for December 14, 2018.

6. A review of the Debtor's bank records reveal that the Debtor had approximately $200,000 on or about February 2017. The Debtor's bank records as of the Date of Filing revealed the funds were dissipated. Trustee requested an accounting to explain the dissipation of the $200,000.

7. Debtor provided the annexed document (Exhibit A).

8. Trustee asked the Debtor to come to an adjourned meeting of creditors to explain the document. To date, the Debtor has never appeared again

9. The "accounting" reveals that the Debtor made two loans, each for $80,000. One a personal loan to Gene Isaak $80,000 (check 212) and a business loan to Sun Valley Fruit Corp, for $80,000 (check 205).

10. Annexed hereto as Exhibit A is the "Accounting"

11. The Debtor's schedules and Statement of Financial Affairs do not reflect and asset for the loan due to be paid back to Debtor.

12. Debtor's failure to reappear prevents Trustee from pursuing the assets for creditors.

**FIRST CAUSE OF ACTION PURUSANT TO SECTION 727(a)(2)(A) AND 727(a)(2)(B)**

13. Section 727(a)(2) of the Bankruptcy Code states:
    (a) The court shall grant the debtor a discharge, unless-
    (2) the debtor, with intent to hinder, delay, or defraud a creditor
    or an officer of the estate charged with custody of property under
    this title, has transferred removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated,
    or concealed- (A) property of the debtor, within one year before the date of the filing of the petition; or
    (B) property of the estate, after the date of the filing of the petition;

14. The Debtor has concealed the debt due to him on these two loans, both pre-petition and post-petition.

### SECOND CAUSE OF ACTION PURSUANT TO 727(a)(5)

15. Plaintiff repeats, realleges and reiterates each and every allegation contained in the paragraphs set forth above with the same force and effect as if set forth at length here again.

16. Section 727(a)(5) of the Bankruptcy Code states in pertinent parts:

(a)The court shall grant the debtor a discharge, unless –

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

17. To date the Debtor has failed to provide an acceptable accounting for the dissipation of the $200,000.

18. Such failure on the part of the Debtor to explain the loss of assets warrants a denial of her discharge pursuant to Section 727(a)(5) of the Bankruptcy Code.

**WHEREFORE,** the Plaintiff prays this Honorable Court for a judgment denying the Debtor's discharge.

Dated: Brooklyn, New York

September 4, 2019

Respectfully submitted,
BY:<u>/s/ *David J. Doyaga, Sr.*</u>
Attorney for Trustee
David J. Doyaga, Attorneys at Law
26 Court Street – Suite 1601
Brooklyn, NY 11242
(718) 488-7500